ALEXANDER McVEAN, as County Treasurer of Monroe County, Plaintiff, v. JUDSON F. SHELDON and ETTA H. GARDNER, Defendants.

*Collateral inheritance tax — legacies and estates valued at less than $500 are not subject to it.*

The word " estate," as used in section 1 of chapter 483 of 1885, as amended by chapter 713 of 1887, exempting from the tax imposed by that section on gifts, legacies and collateral inheritances, "an estate which may be valued at a less sum than five hundred dollars," means the estate given to the devisee and legatee under the will, or the estate that descends to the heir-at-law or next of kin under the intestate laws of the State, and does not refer to or mean the estate of the deceased person.

*The Estate of Margaret McCready, Deceased* (10 N. Y. State Rep., 696) and *The Estate of John W. Smith* (5 Dem., 90) followed; *In the Matter of the Estate of Mary E. Miller* (5 id., 132) overruled.

Submission of a controversy upon facts agreed upon, pursuant to section 1279 of the Code of Civil Procedure.

*Morgan & French*, for the plaintiff.

*Shuart & Sutherland*, for the defendants.

Haight, J.:

Mehitable Vary died at Mendon, Monroe county, N. Y., on the 24th day of August, 1886, leaving a last will and testament which has been duly proved and admitted to probate, in and by which she bequeathed to certain nephews and nieces, legacies of $100 and $200 each. At the time of her decease she was possessed of an estate of the value of about $8,000.

The question to be determined is, whether or not the legacies bequeathed by her are subject to the collateral inheritance tax, so called. Section 1 of chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887, in substance provides that all property which shall pass by will, or by the intestate laws of this State from any person who may die seized or possessed of the same, while a resident of this State, to any person or persons other than to or for the use of his or her father, mother, husband, wife, child, etc., shall be and is subject to a tax of five dollars on every hundred

dollars of the clear market value of such property, and at and after the same rate for any less amount, to be paid to the treasurer of the proper county, etc., for the use of the State; and all administrators, executors and trustees, shall be liable for any and all such taxes, until the same shall have been paid as directed; provided that an estate which may be valued at a less sum than $500 shall not be subject to such duty or tax.

The question is as to the meaning of the proviso embraced in the statute. Does the word "estate" occurring therein mean the estate of the deceased person or the estate devised or bequeathed under the will? The question thus presented is not free from difficulty. The word, as commonly used, refers to the estate of the deceased person. But, under the peculiar phraseology of the statute under consideration, we are inclined to the opinion that, in this statute, it refers to and means the estate given to the devisees and legatees under the will, or the estate that descends to the heirs-at-law under the intestate laws of the State. The act is to tax gifts, legacies and collateral inheritances in certain cases. What estate is subject to the tax? It is the estate or property that descends, or is devised or bequeathed, to any person or persons other than those specially excepted by the act. It is the property or estate taken by any person or persons that is taxed, and not the estate of the deceased. It is true that the administrators, executors and trustees are, by the express provisions of the act, made liable to the tax, but by referring to section 6 of the act it will be observed that the administrators, executors or trustees are directed to deduct the tax from the amount going to the legatee or person entitled to the property. Section 13 of the act, among other things, provides that in order to fix the value of the property of the persons whose estate shall be subject to the payment of the tax the surrogate shall appoint appraisers, etc. The word "estate," as used in this section, must, of necessity, refer to the estate of those taking under the will or intestate laws from the deceased person, and to some extent aids us in determining the meaning of the word as used in the prior section of the act.

This question has received consideration in the case of the *Estate of Margaret McCready, Deceased* (10 N. Y. State Rep., 696), and in the *Estate of John W. Smith, Deceased* (5 Dem., 90); in which cases the conclusion reached accords with our views. *In the Matter*

of the *Estate of Mary E. Miller* (5 Dem., 132), Coleman, Surrogate, reached a different conclusion. In considering the question he appears to have rested his conclusion upon the meaning of the word " estate," as ordinarily and generally used, and does not consider the sense in which the term is used in the subsequent provisions of the act, or the connection or circumstances under which it is used.

We are, therefore, of the opinion that the legacies, being less than $500, are not subject to the tax and that judgment must be ordered for the defendants, with costs.

Barker, P. J.; Bradley and Dwight, JJ., concurred.

Judgment ordered for defendants, with costs.